**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF HOWARD V. MOORE,
Deceased; et al.,

          Petitioners-Appellants,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

          Respondent-Appellee.

No.   20-73013

Tax Ct. Nos.  21209-09
               22082-09

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Argued and Submitted October 18, 2021
San Francisco, California

Before:  WATFORD and HURWITZ, Circuit Judges, and BAKER,[**] International Trade Judge.

     Prior to Howard V. Moore's death, the Howard V. Moore Family Limited Partnership sold Moore Farms to a third party. The Howard V. Moore Living Trust then sold its interest in the Partnership to the Howard V. Moore Irrevocable Trust

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

No. 1. After Moore's death, the Partnership transferred the proceeds from the sale of the Farm to the Irrevocable Trust; the proceeds were then transferred to the Living Trust and to the Howard V. Moore Charitable Lead Annuity Trust. In its federal estate tax return, the Estate claimed charitable deductions for the funds transferred to the Charitable Trust.

The Commissioner of Internal Revenue found that the proceeds from the sale of the Farm should have been included in the taxable estate. The Commissioner also denied the Estate's claimed charitable deductions for transfers of funds to the Charitable Trust after Moore's death. The Tax Court upheld the Commissioner's decision. On appeal, the Estate does not challenge the inclusion of the proceeds from the sale of the Farm in the taxable estate, arguing only that it is entitled to charitable deductions. We affirm.

A deduction can be taken for "the value of property included in the decedent's gross estate and transferred by the decedent during his lifetime or by will" or trust upon his death to a charitable entity. 26 C.F.R. § 20.2055-1(a). The issue for decision is whether donations to the Charitable Trust were required by the Moore trust documents. Answering this question requires analysis of the express language of those documents. *See State ex rel. Goddard v. Coerver*, 412 P.2d 259, 262 (Ariz. 1966).

The Estate relies upon Article 5, Section 2 of the Irrevocable Trust, which

2

required the Trustee to make distributions on Moore's death to minimize federal estate tax liability. But this provision is triggered only by a determination that "any asset of this trust" is also an asset of the gross estate. The proceeds of the Farm sale were not assets of the Irrevocable Trust, or for that matter any Moore Trust, notwithstanding that the Irrevocable Trust owned 98% of the Partnership at the time of Moore's death. Rather, the proceeds were the asset of the *Partnership*, and Article II, Section 1, Paragraph "u" of the Partnership Agreement expressly provided that "no Partner shall have any interest in any of the assets of the Partnership."

The Estate argues in the alternative that "asset of this trust" is ambiguous, and that we should therefore construe it to encompass the assets of the Partnership to effectuate the purposes of Moore's estate plan. We disagree; the relevant language of both the Irrevocable Trust and Limited Partnership documents is unambiguous: the Irrevocable Trust, as a limited partner, had no "interest in any of the assets of the Partnership."

The Trustee of the Irrevocable Trust was therefore not required to transfer the Farm's proceeds to the Living Trust and eventually to the Charitable Trust upon Moore's death and the Commissioner therefore correctly denied the Estate's claimed charitable deductions.

**AFFIRMED.**

3